UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANGELA M.K.,[1]

                              Plaintiff,                  5:21-cv-00451 (BKS/TWD)

v.

KILOLO KIJAKAZI, Acting Commissioner of Social
Security,

                              Defendant.
_____

**Appearances:**

*For Plaintiff:*
Howard D. Olinsky
Olinsky Law Group
250 South Clinton Street, Suite 210
Syracuse, NY 13202

*For Defendant:*
Carla B. Freedman, United States Attorney
Christopher L. Potter, Special Assistant United States Attorney
Social Security Administration
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, MA 02203

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

I.     INTRODUCTION

       Plaintiff Angela M. K. filed this action under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking

review of a decision by the Commissioner of Social Security (the "Commissioner") finding that

Plaintiff was not disabled and was ineligible for the supplemental security income benefits for

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

which she applied. (Dkt. No. 1). This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks for a Report-Recommendation. (Dkt. No. 4); N.D.N.Y. L.R. 72.3(d). On September 12, 2022, after reviewing the parties' briefs and the Administrative Record,[2] (Dkt. Nos. 13, 18, 21), Magistrate Judge Dancks issued a Report-Recommendation recommending that the Commissioner's decision be affirmed and that Plaintiff's complaint be dismissed. (Dkt. No. 22). Plaintiff filed objections to the Report-Recommendation. (Dkt. No. 23). For the following reasons, the Court adopts the Report-Recommendation and affirms the Commissioner's decision.

## II.     STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report and Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" set forth in the original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

---

[2] The Court cites to the Bates numbering in the Administrative Record, (Dkt. No. 13), as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

**III.    ANALYSIS**

The parties have not raised any objections to the facts or the legal framework set forth in the Report-Recommendation. (*See* Dkt. No. 22, at 2–10). The Court therefore adopts Magistrate Judge Dancks's summary of the factual and procedural background and applicable law and presumes familiarity with those matters for the purposes of this decision. The Court also adopts those aspects of the Report and Recommendation to which neither party has raised a specific objection, finding no clear error therein. *See Molefe*, 602 F. Supp. 2d at 487.

In the Report-Recommendation, Magistrate Judge Dancks found that: (1) the ALJ employed the proper legal standard and that substantial evidence supported the ALJ's finding, at step two, that Plaintiff's impairments were not severe; and (2) the ALJ did not err in failing to consider the "opinions" of N.P. Usev and L.M.H.C. Brusgul because (a) as a nurse practitioner and licensed mental health counselor, respectively, they were not "acceptable medical sources" and (b) their opinions concerned "the ultimate determination of disability," a determination reserved to the Commissioner. (Dkt. No. 22, at 10–25).

In her objections, Plaintiff challenges the caselaw and record evidence on which the Magistrate Judge relied in concluding that the ALJ's step two finding is supported by substantial evidence. (Dkt. No. 23, at 2–4). On de novo review, the Court finds Plaintiff's objections are without merit.

To determine whether a claimant is disabled under the Social Security Act, the Commissioner utilizes a five-step sequential evaluation process." 20 C.F.R. § 416.920(a)(1). At step two of this process, the ALJ must "consider[] whether the claimant has a severe impairment which significantly limits h[er] physical or mental ability to do basic work activities." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted) (quoting *DeChirico v. Callahan*, 134 F.3d 1177, 1179–80 (2d Cir. 1998)); 20 C.F.R. § 416.920(a)(4)(ii).

3

"Basic work activities" are defined as "the abilities and aptitudes necessary to do most jobs" and include "[u]nderstanding, carrying out, and remembering simple instructions"; "[u]se of judgment"; "[r]esponding appropriately to supervision, co-workers and usual work situations"; and "[d]ealing with changes in a routine work setting." 20 C.F.R. § 416.922(b); SSR 85-28, 1985 WL 56856, at *3. "[T]he standard for a finding of severity under Step Two of the sequential analysis is de minimis and is intended only to screen out the very weakest cases." *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014) (quoting *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995)).

Plaintiff challenges as "misplaced" the Magistrate Judge's reliance on *Dione B. v. Comm'r of Soc. Sec.*, No. 20-cv-1745, 2022 WL 1458594, 2022 U.S. Dist. LEXIS 83460 (W.D.N.Y. May 9, 2022); *Gwenn A. S. v. Kijakazi*, No. 20-cv-1168, 2022 WL 1129810, 2022 WL 1129810 (N.D.N.Y. Feb. 3, 2022), *report & recommendation adopted*, 2022 WL 819199, 2022 U.S. Dist. LEXIS 48997 (N.D.N.Y. Mar. 18, 2022); and *Reichardt v. Comm'r of Soc. Sec.*, No. 14-cv-1304, 2016 WL 11477505, 2016 U.S. Dist. LEXIS 81964 (N.D.N.Y. May 16, 2016), *report and recommendation adopted*, 2016 WL 3527811, 2016 U.S. Dist. LEXIS 81700 (N.D.N.Y. June 23, 2016). (Dkt. No. 23, at 2–3). Specifically, Plaintiff argues that each of these cases is factually or procedurally distinguishable from the case at bar and therefore does not support the Magistrate Judge's conclusion that substantial evidence supports the ALJ's step-two finding that Plaintiff's mental impairments are not severe. (*Id.*). While Plaintiff may be correct in her assertion that *Dione B.*, *Gwenn A. S.*, and *Reichardt* are distinguishable, the Magistrate Judge solely relied on these cases for the *legal* proposition that in evaluating an ALJ's step-two determination, a court must consider whether the ALJ's conclusion that a plaintiff's impairments are *de minimis* is supported by substantial evidence. (*See* Dkt. No. 22, at 7, 12). Plaintiff does

not, and could not, dispute that consideration of substantial evidence is an appropriate inquiry at step two. *See, e.g.*, *Meadors v. Astrue*, 370 F. App'x 179, 182 (2d Cir. 2010) (evaluating whether "there is substantial evidence in the record to support the ALJ's Step 2 determination"). Thus, the Court finds, on de novo review, no error in the Magistrate Judge's reliance on *Dione B.*, *Gwenn A. S.*, and *Reichardt*, in articulating the relevant legal standard.

Next, Plaintiff argues that "various benign mental status examination findings, or Plaintiff's ability to clean and do laundry, limited part-time work, ability to care for her own children etc. do not demonstrate substantial evidence to conclude that Plaintiff's mental impairments are non-severe." (Dkt. No. 23, at 3).[3] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Plaintiff's argument might have force if the ALJ or Magistrate Judge had so confined their review of the record evidence or if that were the only evidence supporting the ALJ's step two finding. However, both the ALJ and Magistrate Judge extensively considered all the relevant evidence in the record, including Plaintiff's largely normal mental status examinations, Plaintiff's symptoms and treatment, the longitudinal record, the medical opinions, the majority of

---

[3] To the extent Plaintiff argues that it was improper for the ALJ to consider the mental status examinations, activities of daily living, and part-time work as evidence at step two, (*see* Dkt. No. 23, at 3 (arguing that "this evidence may, at later points in the evaluations process, serve as relevant points of discussion when evaluating Plaintiff's subjective complaints or the consistency of the opinion evidence")), she cites no caselaw, nor is the Court aware of any, supporting this proposition. Indeed, findings on examination, activities of daily living, and work activities are often considered at step two. *See, e.g.*, *Julie V. v. Saul*, No. 19-cv-0447, 2021 WL 1139848, at *2, 2021 U.S. Dist. LEXIS 57336, at *4 (W.D.N.Y. Mar. 25, 2021) (observing that the ALJ considered the findings on consultative examination in making step two determination); *Cirulli v. Comm'r of Soc. Sec.*, No. 16-cv-1483, 2017 WL 3972494, at *5, 2017 U.S. Dist. LEXIS 145110, at *14–15 (N.D.N.Y. Sept. 7, 2017) ("[T]he ALJ appropriately considered the limitations resulting from plaintiff's mental impairments in her ability to perform activities of daily living."); *Perez v. Colvin*, No. 14-cv-9733, 2016 WL 5956393, at *9, 2016 U.S. Dist. LEXIS 96222, at *31 (S.D.N.Y. July 21, 2016) (finding ALJ's step two determination supported by substantial evidence where, among other things, the plaintiff had "part-time work as a porter"), *report & recommendation adopted*, 2016 WL 5942314, 2016 U.S. Dist. LEXIS 141081 (S.D.N.Y. Oct. 11, 2016).

which reflected no more than mild limitations, the weight to which each medical opinion was entitled, Plaintiff's daily activities, which did "not reflect any functional limitation regarding basic work activities," Plaintiff's part-time work, and Plaintiff's subjective complaints. (R. 13–19; Dkt. No. 22, at 12–23).[4] Thus, having considered Plaintiff's argument de novo, the Court finds it without merit.

Finally, Plaintiff argues that "contrary to the Magistrate Judge's contention . . . and as discussed thoroughly in Plaintiff's opening brief, there does exist objective evidence including signs and findings that support a de minimis finding of severity at Step Two." (Dkt. No. 23, at 3 (citing Dkt. No. 18, at 16–18 (Plaintiff's Opening Brief))). As this is a "perfunctory response[]," and "a rehashing of the same arguments" set forth in the original submission, the Court has reviewed for clear error and has found none. *Ortiz*, 558 F. Supp. 2d at 451 (citations and internal quotation marks omitted).

## IV.  CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 22) is **ADOPTED**; and it is further

**ORDERED** that, for the reasons stated in the Report-Recommendation, the decision of the Commissioner is **AFFIRMED**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: September 30, 2022
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

---

[4] Plaintiff does not identify any evidence that the ALJ or Magistrate Judge overlooked.